1  Michael D. Kinkley
2  Michael D. Kinkley, P.S.
   4407 N. Division, Suite 914
3  Spokane, WA 99207
   (509) 484-5611
4  (509) 484-5972 FAX
5
6  Alan McNeil
   University Legal Assistance
7  721 N. Cincinnati, POB 3528
   Spokane, WA  99220-3528
8  Attorneys for Plaintiffs
   (509) 323-5791
9

10              UNITED STATES DISTRICT COURT
11        FOR THE EASTERN DISTRICT OF WASHINGTON

12  JENNIFER HOLLAUER;                  )
                                        )
13          Plaintiff,                  )
                                        )
14                                      )   Case No.: CV-08-016-LRS
                v.                      )
15                                      )   COMPLAINT
                                        )
16  LIBERTY CREDIT SERVICES, INC.;      )
    PLOVIE LAW FIRM, P.S.; JOHN P.      )   FDCPA
17  PLOVIE and JANE DOE PLOVIE          )
    husband and wife,                   )
18                                      )
                                        )
19          Defendants.                 )
                                        )
20                                      )
                                        )
21  _____)

22      Plaintiff Jennifer Hollauer, through her attorneys, Michael D. Kinkley of

23  Michael D. Kinkley, P.S., and Alan McNeil of Gonzaga University Legal

24  Assistance alleges the following:

25

COMPLAINT  -1

## I. COMPLAINT

1.1.    This is an action for damages and remedies against defendants, Liberty

Credit Services, Inc.; Plovie Law Firm, P.S.; and John P. Plovie and Jane

Doe Plovie husband and wife, pursuant to the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); for damages and

remedies pursuant to the State of Washington Collection Agency Act,

RCW 19.16, ("WCAA"); for damages and remedies pursuant to the

Washington State Consumer Protection Act (RCW 19.86 et seq.)

("WCPA").

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of this court.

COMPLAINT  -2

### III. FEDERAL QUESTION
### SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Jenifer Hollauer is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). She is an individual.

3.2.    Defendant Liberty Credit Services, Inc. ("Liberty"), was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.3.    Defendant Plovie Law Firm, P.S. ("Plovie Law Firm"), was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.4.    Defendants John P. Plovie and Jane Doe Plovie ("Plovie") were attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.5.    The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6.    All credit card charges defendants alleged that Plaintiff Hollauer owed were for personal, family or household purposes.

3.7.    Defendant Liberty is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.8.    Defendant Liberty uses interstate commerce or the mails for the collection of debts.

COMPLAINT  -3

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.9.    The principle purpose of Liberty's business is the collection of debts.

3.10.   Defendant Liberty regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.11.   Defendant Plovie Law Firm, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.12.   The principle purpose of defendant Plovie Law Firm's business is the collection of debts.

3.13.   Defendant Plovie Law Firm regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.14.   Defendant Plovie is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.15.   Defendant Plovie regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.16.   Liberty is a "collection agency" as defined by RCW 19.16.100(2).

3.17.   Liberty is not properly licensed as a "collection agency" as required by Washington law.

COMPLAINT -4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiff Jenifer Hollauer was a resident of

the State of Washington residing within the territorial jurisdiction area of

the United States District Court for the Eastern District of Washington.

4.2.    Defendant Liberty is a corporation, engaged in the business of collecting

debts within the State of Washington; which debts were originally owed

to another.

4.3.    The principle purpose of Liberty's business activities within the

jurisdiction of this court is the collection of debts originally owed another

using the mail and telephone, and defendant regularly attempts to collect

debts alleged to be due another or originally owed to another. Defendant

Liberty  is doing business as a "debt collector" in the Eastern District of

Washington of the United States District Court as defined by the

FDCPA, 15 U.S.C. §1692a(6).

4.4.    Defendant Plovie Law Firm and defendant John Plovie are the attorneys

for Defendant Liberty.

4.5.    Defendant Plovie Law Firm and defendant John Plovie approved the

form of the state court complaint filed against Plaintiff Hollauer and the

collection system using that complaint.

COMPLAINT  -5

4.6.    John Plovie is an employee of Plovie Law Firm. All acts done by John Plovie were done on his behalf, on behalf of the marital community, and on behalf of Plovie Law Firm, and on behalf of defendant Liberty.

4.7.    All acts done by Plovie Law Firm were done on its own behalf, and on behalf of Liberty.

## V. FACTS

5.1.    On January 13, 2007, Defendants Liberty and Plovie Law Firm caused Plaintiff Hollauer to be served with the Summons and Complaint in this matter by leaving two copies of the Summons and Complaint with Jason Leach at 512 N. Walker #3, Medical Lake, Washington 99022.

5.2.    On May 21, 2007, Defendants Liberty and Plovie Law Firm filed a lawsuit against Sondra Kirk in Spokane County Superior Court in the state of Washington ("state court collection lawsuit").

5.3.    The State Court collection lawsuit was an attempt to collect a debt that was time barred by the relevant statute of limitations.

5.4.    The State Court collection lawsuit was an attempt to collect an alleged credit card debt.

5.5.     Defendants Liberty, Plovie Law Firm, and John P. Plovie alleged the existence of a written contract but ignored the choice of law provision to Georgia.

COMPLAINT  -6

5.6.    Defendants alleged that the Washington statute of limitation applied.

5.7.    Defendants are unable to produce writing.

5.8.    The statute of limitations for an oral contract in the state of Washington is three years.

5.9.    Defendants alleged in the State Court collection lawsuit that date of last payment was September 11, 2001.

5.10.   Defendants state court lawsuit was time barred at the time of service and at the time of filing.

5.11.   The state court collection lawsuit complaint alleges an amount in excess of any amount that Plaintiff Hollauer could possibly have owed even if the claim were not time barred.

5.12.   Defendants attempted to obtain Summary Judgment in the State Court collection lawsuit.

5.13.   Defendants filed false affidavits claiming business records exception to the hearsay rules of evidence and in support of assignment.

## VI. DEFENDANTS PRACTICES

6.1    Defendants Liberty and Plovie Law Firm use computer technology to collect or attempt to collect debts.

COMPLAINT  -7

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.2     Defendants Liberty and Plovie Law Firm use a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

6.3     Defendants Liberty and Plovie Law Firm collected or attempted to collect time barred debts in excess of the amount owed using false affidavits for default and or summary Judgment in the state court collection lawsuit.

6.4     Defendants Liberty and Plovie Law Firm have standardized procedures and used standardized forms to collect debts.

6.5     The state court collection lawsuit complaint was created using a standardized form or template.

6.6     The template which was used to create the state court collection lawsuit complaint is part of the computer program or database used by Defendants Liberty and Plovie Law Firm as a collection system.

6.7     The state court collection lawsuit complaint was created by merging data information from the collection database into the standardized template.

6.8     During 2002, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

COMPLAINT  -8

6.9     During 2003, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.10    During 2004, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.11    During 2005, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.12    During 2006, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.13    During 2007, Defendants Liberty, Plovie Law Firm and John Plovie sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.14    Defendants Liberty, Plovie Law Firm and John Plovie make other collection efforts following the filing off the complaint against debtors in the State of Washington.

6.15    On November 02, 2007 Defendants Liberty, Plovie Law Firm and John Plovie, filed a motion and declaration for summary judgment, falsely

COMPLAINT -9

asserting information in the following documents:  Letter of assignment from Citibank and affidavit of Mitchell G. Johnson, purported employee of Citibank.

6.16  On December 7, 2007, Defendants Liberty, Plovie Law Firm and John Plovie argued for summary judgment and falsely asserted information in the following documents:  Letter of assignment from Bank One and affidavit of Elizabeth Garcia, purported employee of Chase Bank.

6.17  On December 7, 2007, defendants' Liberty, Plovie Law Firm and John Plovie state court collection lawsuit motion for summary judgment was denied.

VII. VIOLATION OF THE FAIR DEBT<br>COLLECTION PRACTICES ACT

7.1    The debt collector Defendants, through their own acts, by and through their agents and employees and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiffs.

7.2    The debt collector Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA..

COMPLAINT  -10

7.3    The Defendants have threatened to take action that cannot legally be

taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other

provisions of the FDCPA..

7.4    The debt collector defendants made misleading and deceptive statements

in the collection of a debt in violation of 15 USC § 1692e.

7.5    Defendants have used unfair or unconscionable means to collect or

attempt to collect a debt in violation of 15 USC § 1692f including but not

limited to 15 USC § 1692f (1).

7.6    Defendants have collected or attempted to collect collection charges,

interest and attorney fees in excess of the collection charges, interest and

attorney fees in violation of 15 USC § 1692f, 15 USC § 1692f(1), and

other provisions of the FDCPA..

7.7    The attempt to collect or collection of such an amount is neither

expressly authorized by an agreement creating the debt nor permitted by

law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and

other provisions of the FDCPA..

7.8    The Defendants violation of the FDCPA has caused actual Damage to the

Plaintiff.

## VIII. VIOLATION OF THE WASHINGTON
## COLLECTION AGENCY ACT

COMPLAINT  -11

8.1 Defendant Liberty is a "collection agency" as defined by RCW 19.16.100(2).

8.2 Defendant Liberty uses computer collection software to collect debts.

8.3 The policy, procedures, practices and computer collecting software used by Liberty result in the creation and mailing of certain writings and the creation of information to base a lawsuit in a certain order.

8.4 The information and forms used by Defendant Liberty from January of 2004 to the – present were approved for use by Defendant Plovie Law firm and defendant John Plovie.

8.5 Defendant Liberty and its defendant employees are in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

8.6 Liberty is not properly licensed as a collection agency as required by the WCAA and the Washington State Department of Licensing.

8.7 Liberty is collecting debts without a license in violation of the WCAA.

## IX. VIOLATION OF THE
## CONSUMER PROTECTION ACT

9.1 Defendant Liberty violated the Washington Consumer Protection Act (WCPA).

COMPLAINT  -12

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

9.2     Violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

9.3     Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce.

9.4     Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

9.5     Defendant Liberty has violated the WCCA including but not limited to the prohibited practices section (RCW 19.16.250).

9.6     Defendant Liberty has violated the WCCA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

9.7     Defendant Liberty has violated the Washington Administrative Code governing the actions of collection agencies.

COMPLAINT  -13

9.8     The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

9.9     The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

9.10    Defendants, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices,  and unfair methods of competition that have caused injury to the plaintiffs.

9.11    Defendant has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

9.12    Defendant Liberty has is in the business of debt collection in trade or commerce.

9.13    Unlawful and Unfair Debt Collections is against public interest.

9.14    The Defendant Liberty's actions were the direct cause of injury to plaintiff's property.

9.15    The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

COMPLAINT  -14

1

2

3

## X. DEMAND

4

WHEREFORE, plaintiff demands judgment as follows:

5

10.1     Actual damages;

6

10.2     Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A).

7

10.3     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C.

8

§1692k(a)(3);

9

10.4     Costs and reasonable attorney's fees pursuant to the Washington

10

Consumer Protection Act, RCW 19.86;

11

10.5     Treble damages pursuant to the Washington Consumer Protection Act,

12

RCW 19.86;

13

14

10.6     Declaratory Judgment that defendants' practices violate the Fair Debt

15

Collection Practices Act and/or the Washington Consumer Protection

16

Act; and/or the Washington Collection Agency Act.

17

18

10.7     Injunction prohibiting defendant from attempting to collect collection

19

fees, interest, attorney fees and other charges or any amount in excess of

20

the amount allowed by law or contract, and/or prohibiting defendant

21

from threatening or filing lawsuits on time barred debt and/or prohibiting

22

defendant Liberty from collecting, attempting to collect or soliciting

23

claims, or contacting anyone residing in the state of Washington for

24

collection in the state of Washington

25

COMPLAINT -15

1

10.8    For such other and further relief as may be just and proper.

2

3

DATED this 11th day of January, 2008.

4

5          ***Michael D. Kinkley P.S.***            ***University Legal Services***

6

/s Michael D. Kinkley                    /s Alan McNeil
7          Michael D. Kinkley                       Alan McNeil
           WSBA # 11624                            WSBA # 7930
8          Attorney for Plaintiff                    Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT -16